# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:15CR109 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| GERARDO SANCHEZ-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 42) filed by the Defendant, Gerardo Sanchez-Lopez. The Defendant also filed an Application to Proceed without Prepaying of Fees and Costs (Filing No. 43).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Sanchez-Lopez pleaded guilty to Count I of the Indictment charging him with distribution of 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1). There was no plea agreement in this case. His guideline range was 60-71 months based on a Total Offense Level of 23 and placement in Criminal History Category III. The Court sentenced Sanchez-Lopez to the mandatory minimum term of 60 months

imprisonment, followed by 4 years of supervised release. (Filing No. 38.) He did not file a direct appeal.

In his timely filed § 2255 motion, Sanchez-Lopez requests that the district court grant him an evidentiary hearing in order for legal counsel to move for a downward variance as a result of his criminal history being substantially over-represented.

**DISCUSSION**

In order to establish ineffective assistance of counsel, Sanchez-Lopez must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

At Sanchez-Lopez's plea hearing, the undersigned questioned him at length to ensure that his plea was knowing and voluntary and supported by a factual basis, and that he was satisfied with the advice and performance of counsel. Sanchez-Lopez executed the Petition to Enter a Plea Guilty, which stated he understood all the questions contained therein, and that he was guilty of the crimes alleged in Count I (Filing No. 30 at 12).

In his 2255 motion, Sanchez-Lopez states that his attorney was ineffective prior to sentencing because he did not object to Presentence Investigation Report nor to the criminal history calculation. Sanchez-Lopez also states that he " . . . asked his attorney to,

2

argue on his behalf, for a downward departure on the grounds that his actual criminal history determination over-represented the actual seriousness of his criminal history, and his attorney failed to do so."

At the sentencing hearing, counsel did not object to the Presentence Investigation Report, nor did counsel move for any downward departure or variance. Any such motion would have been denied as moot, due to the statutory mandatory minimum term applicable in this case. Accordingly, Sanchez-Lopez was sentenced at the lowest end of the guideline range–the statutory mandatory minimum term of incarceration.

Sanchez-Lopez's complaints about his attorney's representation at the sentencing hearing do not rise to a level showing that his attorney performed outside the wide range of reasonable professional assistance or made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Nor has Sanchez-Lopez demonstrated that he suffered any prejudice as a result of any deficiencies in his counsel's representation. To the contrary, the record is clear that Sanchez-Lopez suffered no such prejudice.

## CONCLUSION

Sanchez-Lopez has not satisfied either prong of the *Strickland* test, and his § 2255 Motion will be denied.

IT IS ORDERED:

1. The Court has completed the initial review of Gerardo Sanchez-Lopez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 42);

2. Upon initial review, the Court summarily dismisses Sanchez-Lopez's claim raised in the § 2255 motion;

3. The Application to Proceed without Prepaying of Fees and Costs (Filing No. 43) is denied as moot; and

4. A separate Judgment will be issued denying the § 2255 motion; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 23th day of June, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge